IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIENNE SPLITTGERBER | ) | CASE NO: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | **AND JURY DEMAND** |
| | ) | |
| | ) | |
| THE STATE OF NEBRASKA, | ) | |
| THE NEBRASKA STATE PATROL, | ) | |
| DR. STEPHEN HAUDRICH, an | ) | |
| individual, BRADLEY RICE, an | ) | |
| individual, DAVID SANKEY, an | ) | |
| individual, JOHN AND JANE DOES, | ) | |
| individuals | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Brienne Splittgerber, by and through her attorney of record, states and alleges as follows:

## **INTRODUCTION**

1. This is an action, filed pursuant to U.S. Const. Amend. XIV, Title 42 U.S.C.A. § 1983, 42 U.S.C.A. § 2000e *et seq.* (Discrimination and Hostile Work Environment), Neb. Rev. Stat. Ann. § 20-148, and the laws of the state of Nebraska relating to Intentional Infliction of Emotional Distress; for damages. Plaintiff challenges the discriminatory and invasive actions of the Defendants taken against Plaintiff in violation of her right to equal protection and other rights secured by law.

2. Plaintiff seeks damages for the infringement upon her constitutional rights by Defendants, acting under color of state law; for discrimination and hostile work environment; and for Intentional Infliction of Emotional Distress. Trial by jury is demanded.

## JURISDICTION

3.  This is an action arising under the Fourteenth Amendment to the Constitution of the United States, Title 42 U.S.C.A. § 1983, and 42 U.S.C.A. § 2000e *et seq*. Accordingly, this Court has jurisdiction over the parties and the subject matter of this claim.  Venue is proper pursuant to 28 U.S.C.A. § 1391 because upon information and belief all of the Defendants are residents of Nebraska and because all events giving rise to this claim occurred in the District of Nebraska. Pursuant to 28 U.S.C.A. § 1343 (a)(3), the Court has jurisdiction because Plaintiff seeks to redress the deprivation, under color of state law, of rights, privileges and immunities secured to her by the Constitution of the United States. This Court has jurisdiction over the Plaintiff's state law claims based on Supplemental Jurisdiction 28 U.S.C.A. § 1367.

## PARTIES

4.  Plaintiff, Brienne Splittgerber is a female resident of Nebraska, employed as a sworn officer of the Nebraska State Patrol.

5.  Defendant David Sankey (Sankey) was the Colonel in charge of the Nebraska State Patrol until his retirement December 31, 2014 and is named in his individual capacity.

6.  Defendant Bradley Rice (Rice) was the Colonel in charge of the Nebraska State Patrol until July, 2017 and is named in his individual capacity.

7.  Defendants John Does 1, 2, 3 and Jane Does 1, 2,and 3 are persons involved in a conspiracy with Sankey and Rice to permit and cover up the sexual assault of female candidates to become sworn officers of the Nebraska State Patrol, John and Jane Does are named in their individual capacities.

8. Defendant Stephen Haudrich is a physician licensed in the State of Nebraska and employed at Concentra Urgent Care, 4900 N. 26th Street, Suite 104, Lincoln, Nebraska.

9. Defendant State of Nebraska State Patrol is an agency of the State of Nebraska. (State Patrol)

10. Defendant State of Nebraska is a State within the United States.

## PROCEDURAL REQUIREMENTS

11. That on or about, May 22, 2017 Plaintiff filed a Charge of Discrimination against the Defendants, satisfying the requirements of 42 U.S.C.A. § 2000e-5(b), with the Nebraska Equal Opportunity Commission. Such charges were filed within 300 days of the Plaintiff becoming aware of a communication between the State Patrol and the State Trooper Association of Nebraska on or about March 31, 2017 which indicated that the State Patrol had concluded its investigation of the incident.

## GENERAL ALLEGATIONS

12. On or about September 11, 2014 Plaintiff was a candidate for employment as a sworn officer of the State Patrol. As such she was required to submit to a pre-employment physical examination performed by a physician selected by the State Patrol, Dr. Haudrich. All candidates male and female in all recruiting classes from at least September 2014 through May 2017 were required to be examined by Dr. Haudrich.

13. On September 11, 2014 Plaintiff during her pre-employment physical was instructed by Dr. Haudrich to remove her pants, lay on her back on the examination table, bend her knees to put her feet flat on the table and open her knees exposing her genitalia. Then

Plaintiff was instructed to roll to the side with knees still bent and lift her right buttocks exposing her anus.

14. With the possible exception of one, male candidates were not required to display their anus or genitalia during the pre-employment physical.

15. Plaintiff upon questioning her personal physician learned there was and is no legitimate medical purpose for the above described procedure in a pre-employment physical examination.

16. Plaintiff did not consent to medically unnecessary procedures and understood she was required to submit to Dr. Haudrich's instructions as a condition of employment as a sworn officer of the State Patrol.

17. In the fall of 2014, after learning the procedure was not medically necessary, the Plaintiff reported the above events to her sergeant and to supervisors. She then learned another class of female troopers would be subject to the same examination by the same doctor. Plaintiff reported that information to her superior Captain Williams and was advised an investigation was being conducted. During this time another class of female troopers was subjected to examinations by Dr. Haudrich. Plaintiff was increasingly anxious and concerned by the command structures' inaction which created a hostile and dangerous work place for women.

18. After waiting in vain for some information regarding the investigation, the Plaintiff on February 27, 2017 asked Defendant Rice about its status.

19. On March 31, 2017 an e-mail exchange between counsel for the Nebraska State Patrol and counsel for the Nebraska Troopers Association, a true and correct copy of which is attached as Exhibit A to this complaint. This e-mail was written and sent only after Plaintiff told

Defendant Rice that she had retained an attorney. At that point it became clear the Plaintiffs concerns were being dismissed and the events covered up.

20. No meaningful investigation was conducted, either criminal or internal affairs.

21. No charges were forwarded to a county attorney.

22. No explanation was ever provided to Plaintiff why even after her report female candidates continued to be required to submit to the unnecessary and humiliating examination.

23. No adequate assurances were ever offered that in the future females would not be subjected to wrongful and illegal treatment and reports of the same would be appropriately investigated and if warranted corrective action taken.

24. The Defendants actions created and still create an extremely hostile working environment.

## INCORPORATION OF ALLEGATIONS

25. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C.A. § 2000e *et seq.* - CIVIL RIGHTS ACT OF 1964
## SEXUAL HARASSMENT/ HOSTILE WORK ENVIRONMENT

26. The Plaintiff was subjected to a medically unnecessary and sexually invasive pre-employment examination by the Defendants.

27. The medically unnecessary and sexually invasive pre-employment physical was not welcomed by the Plaintiff.

28. The Defendants' conduct was motivated by the Plaintiff's gender, men were not required to undergo a similar physical examination.

29. The examination and the subsequent failure of the Defendants to properly investigate the incident was so severe that a reasonable person in the Plaintiff's position would find that the work environment was hostile or abusive.

30. The Plaintiff believed her work environment to be abusive based on the Defendants' conduct.

31. The Plaintiff further claims that requiring female trooper candidates to undergo such an invasive examination constitutes a tangible employment action taken against all female's required to undergo the examination.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages for economic damages and mental pain and suffering, past and future; attorney's fees pursuant to 42 U.S.C.A. § 1988(b); punitive damages; injunctive relief and for such other relief deemed appropriate by the Court.

## SECOND CLAIM FOR RELIEF
## Title 42 U.S.C.A. § 1983
## DENIAL OF EQUAL PROTECTION

32. Plaintiff brings this action under 42 U.S.C.A. § 1983 for denial of her right to equal protection granted by U.S. Const. Amend. XIV against Defendants John and Jane Does in their individual capacity, Defendant Sankey in his individual capacity, Defendant Rice in his individual capacity, and Defendant Haudrich (1983 Defendants).

33. The 1983 Defendants are persons within the meaning of 42 U.S.C.A. § 1983.

34. The 1983 Defendants were acting under color of state law in that they all

purported to act under authority granted by the Nebraska State Patrol. Defendant Haudrich was acting under color of state law both because he was enacting policies of the State Patrol and because he served a traditional state function by conducting pre-employment physicals on behalf of the State Patrol.

35. The 1983 Defendants violated the Plaintiff's right to equal protection by subjecting her, at the time a state trooper candidate, to an unnecessary and sexually invasive preemployment medical examination which was not required of male state trooper candidates. The 1983 Defendants further violated the Plaintiff's right to equal protection by failing to properly investigate the incident, putting in place procedures which required the examination, and/or by creating a hostile working environment for female state troopers.

**THIRD CLAIM FOR RELIEF**
**Neb. Rev. Stat. Ann. § 20-148**
**DENIAL OF EQUAL PROTECTION**

36. Plaintiff brings this action under Neb. Rev. Stat. Ann. § 20-148 for denial of her right to equal protection granted by U.S. Const. Amend. XIV against Defendants John and Jane Does in their individual capacity, Defendant Sankey in his individual capacity, Defendant Rice in his individual capacity, and Defendant Haudrich (1983 Defendants).

37. The 1983 Defendants are persons within the meaning of Neb. Rev. Stat. Ann. § 20-148 and Neb. Rev. Stat. Ann. § 49-801.

38. The 1983 Defendants were acting under color of state law in that they all purported to act under authority granted by the Nebraska State Patrol. Defendant Haudrich was acting under color of state law both because he was enacting policies of the State Patrol and

because he served a traditional state function by conducting pre-employment physicals on behalf of the State Patrol.

39. The 1983 Defendants violated the Plaintiff's right to equal protection by subjecting her, at the time a state trooper candidate, to an unnecessary and sexually invasive preemployment medical examination which was not required of male state trooper candidates. The 1983 Defendants further violated the Plaintiff's right to equal protection by failing to properly investigate the incident, putting in place procedures which required the examination, and/or by creating a hostile working environment for female state troopers.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. The Plaintiff brings a cause of action for Intentional Infliction of Emotional Distress against Defendant Haudrich.

41. Defendant Haudrich intentionally subjected the Plaintiff to an unnecessary and perverse medical examination during his pre-employment examination of the Plaintiff.

42. Defendant Haudrich has repeatedly claimed that the examination was a required portion of the pre-employment physical. At the time of the examination, Defendant Haudrich claimed to be acting in accordance with the State Patrol's instructions.

43. Subjecting the Plaintiff and other female trooper candidates to a medically unnecessary and sexually invasive procedure is outrageous conduct which goes beyond all possible bounds of decency and is utterly intolerable in a civilized community.

44. As a result of this examination, and the Plaintiff's discovery that the examination was not medically necessary or appropriate for a pre-employment physical, the Plaintiff has

suffered from severe emotional distress which has caused loss of appetite, an inability to sleep properly, anxiety, and other physical symptoms.

## REQUEST FOR RELIEF

Based on the foregoing basis, Plaintiff respectfully requests:

45. Judgment of Plaintiff's general damages and special damages in an amount to be proven at trial.

46. Punitive damages as against the individual Defendants in their individual capacities for their violation of the Plaintiff's constitutional rights.

47. Reimbursement of costs, and an awards of attorney's fees and expenses, and such other relief as may be just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands trial by jury in Omaha, Nebraska, on all issues so triable.

BRIENNE SPLITTGERBER, Plaintiff

BY    s/Thomas M. White
Thomas M. White, #17452
Amy S. Jorgensen, #23215
Benjamin N. White, #26123
WHITE & JORGENSEN
3114 St. Mary's Avenue
Omaha, NE 68105
(402) 346-5700