IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIENNE SPLITTGERBER, | |
| Plaintiff, | **8:17CV280** |
| vs. | |
| THE STATE OF NEBRASKA,  THE NEBRASKA STATE PATROL, STEPHEN HAUDRICH, Dr., an individual; BRADLEY RICE, an individual; DAVID SANKEY, an individual; and JOHN AND JANE DOES, individuals; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on defendants' David Sankey's, the Nebraska State Patrol's, and the State of Nebraska's motion to dismiss plaintiff's amended complaint, Filing No. 9, pursuant to Fed. R. Civ. P. 12(b)(6).  Filing No. 25.  Also before the Court is defendant Bradley Rice's motion to dismiss plaintiff's amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Filing No. 27.  Finally, defendant Stephen Haudrich, M.D., filed a motion to dismiss for failure to state a claim. Filing No. 23. Plaintiff filed this action alleging gender discrimination and hostile work environment in violation of U.S. Const. Amend. XIV, Title 42 U.S.C.A. § 1983, 42 U.S.C.A. § 2000e et seq., and for intentional infliction of emotional distress under the laws of the State of Nebraska.  The plaintiff has brought claims against defendants Haudrich, Rice, and Sankey based on equal protection violations under 42 U.S.C. § 1983 and Neb. Rev. Stat. Ann. § 20-148. The plaintiff has also brought a claim against defendant Haudrich based on intentional infliction of emotional distress.

**BACKGROUND**

The Nebraska State Patrol hired plaintiff as an officer.  Defendant Sankey served as the Colonel in charge of the Patrol until he retired on December 31, 2014.  He is named in his individual capacity. Defendant Rice was the Colonel in charge of the Nebraska State Patrol until July, 2017 and is named in his individual capacity. Defendants Jane and John Does allegedly are persons who conspired with Sankey and Rice to permit and cover up the sexual assault of female candidates.   Defendant Stephen Haudrich is a physician licensed in the State of Nebraska and employed at Concentra Urgent Care, 4900 N. 26th Street, Suite 104, Lincoln, Nebraska.  Defendant State of Nebraska State Patrol is an agency of the State of Nebraska.

As a candidate for the State Patrol, plaintiff was required to submit to a pre-employment physical examination performed by the defendant, Dr. Haudrich, on behalf of the Nebraska State Patrol.  As stated in her amended complaint, plaintiff alleges:

> On September 11, 2014 Plaintiff during her pre-employment physical was instructed by Dr. Haudrich to remove her pants, lay on her back on the examination table, bend her knees to put her feet flat on the table and open her knees exposing her genitalia. Then Plaintiff was instructed to roll to the side with knees still bent and lift her right buttocks exposing her anus

Filing No. 9, at pp. 3-4, ¶ 13.  With the possible exception of one, contends plaintiff, male candidates were not required to display their genitalia or anus during the pre-employment physical.  Plaintiff contends these are not medically necessary procedures and that she did not consent to the same. She reported this information to her superior, Captain Williams. She was told an investigation would occur.  She waited what appears to be a couple of years and then asked defendant Rice about the investigation.  Plaintiff

received an email after she indicated she had obtained an attorney.  She determined that no investigation had been conducted, no explanation was given, and no charges were given to the county attorney.  As a result the environment, she contends, became a hostile working one.

### STANDARD OF REVIEW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[O]n the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level."  *Id.* at 555-56.  In other words, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at

547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

Twombly is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for

4

failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

*1.  Dr. Stephen Haudrich's motion to dismiss, Filing No. 23*

A.  Haudrich first argues that male and female state trooper candidates are not similarly situated for purposes of an equal protection comparison.  To bring a successful hostile work environment claim, plaintiff must establish (1) that she is a member of a protected group; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a term, condition, or privilege of employment. *McCurdy v. Arkansas State Police*, 375 F.3d 762, 767-68 (8th Cir. 2004). "Title VII prohibits an employer from 'discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's… sex." *Id.* at 767 (quoting 42 U.S.C.A. § 2000e-2(a)(1)). Title VII also prohibits an employer from subjecting its employees to a hostile work environment "because of such individual's…sex." *Al-Zubaidy v. TEK Industries, Inc.*, 406 F. 3d 1030, 1036 (8th Cir. 2005).

42 U.S .C. § 1983 states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

The Court first notes that the defendant tries to compare this case with an Eighth Circuit case comparing male and female prisoners, with the Eighth Circuit finding that the comparison was like apples and oranges.  *See Klinger v. Dep't of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994).  Haudrich tries to make the same argument, that comparison of men and women under these circumstances is like comparing apples and oranges. That case is not helpful in the present one. The applicants for the State Patrol officer positions are not prisoners. They are not competing for services. They are not at the mercy of the prison or prison guards. In this case, the applicants, and the plaintiff in particular, are simply applying for a job as a state patrol officer. This argument by the defendant has no merit whatsoever.

Plaintiff contends, and this Court agrees, that she has clearly alleged a cause of action under 42 U.S.C. § 1983.  Under the *McDonnell Douglas* test, Title VII claims and equal protection claims both use the same test. *Burton v. Arkansas Sec'y of State*, 737 F.3d 1219, 1229 (8th Cir. 2013).  If the alleged facts are proven at trial, it is clear that this requirement, most likely has a disparate impact on women versus men.   The plaintiff has met her burden under *Twombly* and *Iqbal.*  This motion to dismiss will be denied and discovery will proceed in this case.

B.  This defendant next argues that the allegations against him pursuant to Neb. Rev. Stat. § 20-148 should be dismissed.  He basis that argument on his contention that plaintiff alleges he acted under color of state law, and this claim for relief is limited to private acts of discrimination against private employers.   Neb. Rev. Stat. § 20-148 (1) states:

(1) Any person or company, as defined in section 49-801, except any political subdivision, who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.

Haudrich's contends that,

Nebraska federal district courts have held that § 20-148 precludes suits against the State and a city; however, the Eighth Circuit Court of Appeals went further to preclude suits against individuals acting as public officials, based on the statute's legislative history. *Biby v. Bd. of Regents of Univ. of Nebraska at Lincoln*, 340 F. Supp. 2d 1031, 1036 (D. Neb. 2004), *aff'd*, 419 F.3d 845 (8th Cir. 2005); *See also Sinn v. City of Seward*, 3 Neb.App. 59, 75, 523 N.W.2d 39, 49 (1994) and *Buzek v. Pawnee Co.*, 207 F.Supp.2d 961, 965 (D.Neb.2002).

Filing No. 24, at 7.  It is clear under the *Biby*, *Sinn* and *Buzek* cases, that the statute does not apply to individuals acting in their capacities as public officials.  From the complaint Dr. Haudrich is clearly acting in his official capacity.  Accordingly, the Court will grant the motion to dismiss the claim under Neb. Rev. Stat. § 20-148.

### 2.  Motion to dismiss by defendants David Sankey, the Nebraska State Patrol, and the State of Nebraska, Filing No. 25

Defendant Sankey in his individual capacity, the Nebraska State Patrol, and the State of Nebraska move the Court to dismiss plaintiff's amended complaint in its entirety. Defendants contend that plaintiff failed to timely file her charge of discrimination pursuant to Title VII, and thus it is barred by the statute of limitations.  In the alternative, even if not barred, plaintiff fails to allege a sufficient hostile work environment claim contend defendants. They also argue defendant Sankey is not an employer as defined

by Title VII, and the Equal Protection clause does not state a claim against defendant Sankey. Further, plaintiff claims that the allegations pursuant to Neb. Rev. Stat. § 20-148 apply to private actions and thus Sankey must be dismissed as he is acting as a public official.

### A.  Statute of Limitations

The statute of limitations is triggered by the following:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C.A. § 2000e-5(e)(1).

"To exhaust her remedies, a Title VII plaintiff must timely file her charges with the EEOC and receive, from the EEOC, a 'right to sue' letter." Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996).   Defendants contend that when looking at the amended complaint, it is clear that plaintiff filed her amended complaint with the NEOC more than 300 days after the alleged wrongful conduct. The action occurred in the fall of 2014, and the EEOC claim was filed on May 22, 2017.  Likewise, defendants contend

that plaintiff received a letter from the NEOC indicating that her charge was untimely. Accordingly, defendants ask this Court to dismiss all Title VII claims against them.

Plaintiff contends she has in fact exhausted her remedies under Title VII. She claims she received her right to sue letter on June 19, 2017, and she filed this action on August 1, 2017, well within the 90 day requirement. She further contends that hostile work environment constitutes one unlawful employment practice and can be part of the single claim. See *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118–19 (2002). She argues that the environment of harassment extends until at least the investigation concluded on March 31, 2017. She further felt injury in this environment as the practice continued, even after the investigation. Plaintiff relies on an Eighth Circuit case, wherein the Appellate Court stated: "Here, the Postal Service's failure to take action to stop the conduct, to discipline the perpetrators, and to protect Jensen may bring her actions within forty-five days of Jensen's formalization of her EEO complaint on January 20, 2000." See *Jensen v. Henderson,* 315 F.3d 854, 861–62 (8th Cir. 2002).

The Supreme Court has stated "that a "hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.' " *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)) (holding that an individual could recover for acts occurring outside the statutory time period if at least one act occurred within the time period and the acts were part of the same hostile work environment).

Plaintiff alleges she was subjected to unwelcome sexual harassment. The harassment was most definitely based on sex. She was specifically told that if she did not submit to these exams, her pre-employment testing would be categorized as refusal

9

to complete.  One instance of sexual harassment can be sufficient to constitute a hostile work environment if severe enough.  *See Moring v. Arkansas Dep't of Correction*, 243 F.3d 452, 456–57 (8th Cir. 2001) (one hotel incident sufficient to alter the terms and conditions of employment).

The Court finds that plaintiff has alleged sufficient allegations of a hostile work environment. The plaintiff alleges an initial discrimination, followed by a promised investigation that allegedly did not happen, which then led to a hostile working environment for the plaintiff.  This is sufficient under *Iqbal* and *Twombly* to allow plaintiff to proceed with her case.  If plaintiff is not able to produce sufficient evidence in support of her argument of continuing harassment and/or hostile work environment so as to support her claim regarding the statute of limitations, the defendants are free to raise this issue at the summary judgment stage.

### B.  Failure to state a Title VII claim against these three defendants

Defendants make virtually the same arguments as Dr. Haudrich.  They argue that a one-time allegation is insufficient to sustain a claim. The Court disagrees. Plaintiff contends that the one time sexual harassment was followed by a hostile work environment, particularly as a result of her reporting it to her supervisor.  These facts are more than sufficient to meet the standards for pleading at the pleading stage of this lawsuit. The Court disagrees with the defendants' statement that "Plaintiff's allegations do not rise to the level of the extremely offensive conduct suffered by the plaintiff." Filing No. 26, at 9.  On the contrary, the plaintiff has alleged conduct that seems invasive and severe for purposes of the motion to dismiss.

### C.  Sankey is not an employer

Defendants next contend that Sankey is not an employer and thus not subject to a Title VII claim.  It is true that an employee cannot be held individually liable in a Title VII claim.  *Schoffstall v. Henderson*, 223 F.3d 818, 821 f.n.2 (8th Cir. 2000).  None of plaintiff's allegations, argue these defendants, include claims that Sankey knew or was involved in any of plaintiff's complaints to her supervisors.  Sankey, it is contended, left the employment of the Nebraska State Patrol within a few months of the plaintiff's initial report regarding the medical exam.

Plaintiff agrees to dismiss the Title VII claim against defendant Sankey in his individual capacity.  The Court agrees and this claim will be dismissed.

### D.  Equal Protection Claim against Sankey

For the same reasons, lack of sufficient allegations, defendants contend that plaintiff's equal protection claim against Sankey is without merit and must be dismissed. In order to establish a valid claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Thomas v. Gunter,* 32 F.3d 1258, 1259 (8th Cir. 1994) (quotations and citations omitted). Plaintiff's complaint, argues defendants, fails to include any allegations that Sankey was involved in the allegedly unconstitutional conduct. There are no allegations, argues defendants, that Sankey participated in or authorized these unconstitutional actions.

Plaintiff disagrees and contends Sankey participated in the hostile work environment by requiring the examination; by failing to have a process for reporting and

correcting incidents of sexual assault against the individuals it employed; and for approving the examination that had no medical justification.

"Substantive standards for gender discrimination cases brought under Title VII and those brought under § 1983 are the same. *See Tipler v. Douglas County, Neb.*, 482 F.3d 1023, 1027 (8th Cir.2007)." *Tyler v. Univ. of Arkansas Bd. of Trustees*, 628 F.3d 980, 990 (8th Cir. 2011).   For purposes of this motion, the Court finds, as discussed herein, that plaintiff has alleged sufficient allegations against Sankey.  If the defendants believe, following discovery, that no evidence exists in this regard, they may file an appropriate summary judgment motion.

### *E.   Neb. Rev. Stat. § 20-148*

Federal courts in Nebraska have repeatedly recognized that "§ 20-148 does not apply to individuals acting as public officers." *Biby v. Bd. of Regents of Univ. of Nebraska at Lincoln*, 340 F. Supp. 2d 1031, 1036 (D. Neb. 2004) *aff'd*, 419 F.3d 845 (8th Cir. 2005) (citing *Buzek v. Pawnee County, Neb.*, 207 F.Supp.2d 961, 965 (D. Neb. 2002)).   Nebraska state courts have held that "[t]he legislative history of § 20-148 indicates that the major focus of the statute was to wipe out private acts of discrimination by private employers, thus excluding the state." *Wiseman v. Keller*, 218 Neb. 717, 721 (1984) (emphasis in original).   Moreover, "[s]ection 20-148 is a procedural statute designed to allow plaintiffs to bypass administrative procedures in discrimination actions against private employers." *Potter v. Board of Regents*, 287 Neb. 732, 740 (2014). Defendants argue that Sankey is not a private employer, and thus this section is inapplicable to his conduct. Plaintiff disagrees and makes the same argument as she did with Dr. Haudrich.  The Court disagrees with the plaintiff and finds that the

12

analysis with regard to Dr. Haudrich also applies to Sankey.  The law is clear.  Section 20-148 applies to private conduct and not public actors.  Accordingly, the claim pursuant to § 20-148 will be dismissed as to Sankey also.

### 3.  Motion to dismiss by defendant Bradley Rice, *Filing No. 27*

Rice contends he is entitled to dismissal for the same reasons as the other defendants, that:  the Title VII case is time barred;  and that there is no equal protection claim against Rice.  For the reasons already stated, the Court finds these arguments have no merit at this point in the case.

Rice also contends that he is an official with qualified immunity. "Determining the question of qualified immunity involves the following two step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Santiago v. Blair*, 707 F.3d 984, 989 (8th Cir. 2013). Courts may address either prong of the analysis first, *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), and "[t]he defendants are entitled to qualified immunity unless the answer to both of these questions is yes." *McCaster v. Clausen*, 684 F.3d 740, 746 (8th Cir. 2012).  "Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (internal quotation marks and citations omitted). "When qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify." *Pearson*, 555 U.S. at 238-39.

Plaintiff contends that defendant Rice failed to properly investigate the allegations, failed to properly train the individuals in terms of how to respond to such allegations. Further, plaintiff contends that defendant Rice participated in creating a hostile work environment under § 1983.[1]  Specifically, defendant Rice continued the practice of requiring state trooper candidates to submit to an examination by defendant Haudrich even after the plaintiff's complaints. Filing No. 9 ¶ 12, 17, 18.

Further, plaintiff contends the Court must rely on cases related to Title VII, and in particular sexual discrimination, to determine if immunity applies. *Williams v. Herron,* 687 F.3d 971, 978 (8th Cir. 2012).[2]  Plaintiff argues the right to be free of gender discrimination is clearly established. *Wright v. Rolette Cty,* 417 F.3d 879, 886 (8th Cir. 2005). "Laughing or smirking at racist jokes, as well as failing to report, investigate, or punish known racist remarks of others, can make up an 'accumulation of abusive conduct' which poisons the work environment. *Hathaway v. Runyon,* 132 F.3d 1214, 1222 (8th Cir. 1997)." *Ellis v. Houston,* 742 F.3d 307, 320 (8th Cir. 2014).  The Court will dismiss the Title VII claim against defendant Rice.  With regard to the immunity claim, the Court needs additional evidence before it can make that determination.  The Court

---

[1] Plaintiff does agree, though, that the individual capacity claim under Title VII against defendant Rice may be dismissed.

[2] "Herron attempts to distinguish his case on appeal by arguing that we must limit our clearly established right analysis to cases involving section 1983 and qualified immunity; he further asserts that the type of claim brought by Williams has never given rise to section 1983 liability. We have previously held that section 1983 sexual-harassment claims are treated the same as sexual-harassment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. See Moore v. Forrest City Sch. Dist., 524 F.3d 879, 883 (8th Cir.2008); Weger v. City of Ladue, 500 F.3d 710, 717 n. 4 (8th Cir.2007); Tuggle v. Mangan, 348 F.3d 714, 720 (8th Cir.2003); see also Wright, 417 F.3d at 884-85 (listing cases). It should be no surprise that we apply the same treatment here, making Title VII sexual-harassment cases relevant to our determination. As explained above, a qualified-immunity analysis does not augment a plaintiff's burden to show her hostile-work-environment claim. Thus, because our claim analysis is the same regardless of whether qualified immunity is implicated, we may rely on cases not involving qualified immunity when determining whether a violation is clearly established." *Williams,* 687 F.3d at 978.

will also dismiss the claims against Rice with regard to Neb. Rev. Stat. § 20-148, for the reasons already stated herein.

THEREFORE, IT IS ORDERED   THAT:

1.  All claims against all defendants pursuant to Neb. Rev. Stat. § 20-148 are dismissed;

2.   All Title VII claims against defendants Rice and Sankey are dismissed;

3.   Defendant Dr. Haudrich's motion to dismiss, Filing No. 23, is otherwise denied;

4.   Defendants' David Sankey's, the Nebraska State Patrol's, and the State of Nebraska's motion to dismiss, Filing No. 25, is otherwise denied;

5.   Defendant Bradley Rice's motion to dismiss, Filing No. 27, is otherwise denied.

Dated this 5th day of December, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

15